955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Marian E. FARRIS, Plaintiff-Appellee,
v.
FARRIS CHEMICAL CO., INC. MONEY PURCHASE PENSION PLAN (as
amended and restated as of May 1, 1984), and Farris Chemical
Company, Inc., as Administrator of the Farris Chemical
Company, Inc. Money Purchase Pension Plan (as amended and
restated as of May 1, 1984), and Farris Chemical Company,
Inc., Defendants-Appellants.
 
 No. 91-5530.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Farris Chemical Company, Inc. Money Purchase Pension Plan, appeals the district court's award of summary judgment to the plaintiff, Marian Farris. The district court, construing the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., found that a waiver of benefits executed by the plaintiff was invalid and ordered pension monies released to her. Finding that the waiver was properly executed, we reverse and remand for further proceedings.
 
 I.
 
 2
 Marian Farris is the surviving spouse of Clyde Farris, Jr. At the time of Mr. Farris' death in 1988, he was the president of Farris Chemical Company, Inc., which administered an ERISA-covered pension plan for its employees. Mr. Farris participated in the plan; he and the plaintiff were the plan's trustees.
 
 
 3
 The plan provides that, if the participant is married, the participant's spouse is the beneficiary unless an alternate beneficiary is designated pursuant to plan section 5.02(c). That section provides that there may be no alternate beneficiary unless the participant's spouse signs a written waiver of a Qualified Joint and Survivor Annuity. The plan and applicable federal law require that the spouse's signature be witnessed by either a notary public or a plan representative. Plan § 5.02(c) (App. 53); 26 U.S.C. § 417(a)(2)(A)(iii); 29 U.S.C. § 1055(c)(2)(A)(iii).
 
 
 4
 In 1987, the plaintiff, in Mr. Farris' presence, signed a waiver of Qualified Joint and Survivor Annuity regarding Mr. Farris' pension plan. Her signature was witnessed by Ms. White, a secretary who worked for another company owned by Mr. Farris. Ms. White was not a notary public nor was she associated with the pension plan. Mr. Farris named his three adult children and personal secretary as beneficiaries.[1]
 
 
 5
 After her husband's death, the plaintiff brought suit seeking to have released to her the account balance of her husband's pension plan. Plaintiff claimed the prior waiver was invalid. The district court concluded that the plaintiff's signature was not witnessed in the manner required and awarded summary judgment to the plaintiff.
 
 II.
 
 6
 On appeal, the defendant argues, as it did below, that the witnessing requirements were met. We agree. Since the plaintiff and her husband were the plan trustees, the waiver was executed in the presence of both trustees. Further, the Farris Chemical Company was the plan administrator, and Clyde Farris was president of that company. To witness means to "subscribe one's name to a ... document, for the purpose of attesting to its authenticity, and proving its execution, if required, by bearing witness thereto." Black's Law Dictionary 1438 (5th ed.1979). Mr. Farris could not visually witness the signing of the waiver because he was blind. The plan provides that the administrator may, at its discretion, "employ ... agents to perform ... ministerial ... or other services ... to facilitate the efficient and proper administration of the plan." Plan § 8.04 (App. 67). We find that the plan and statutory requirements were met when Mr. Farris, as president of the plan's administrator, employed Ms. White to perform the ministerial function of witnessing the waiver.
 
 
 7
 The plaintiff, citing FDIC v. Tennessee Wildcat Servs., Inc., 839 F.2d 251 (6th Cir.1988), insists that Ms. White may not be deemed an agent of the plan for the purpose of the witnessing requirement because no notation to that effect appears after her signature. FDIC dealt with the Uniform Commercial Code and is inapposite.
 
 
 8
 We emphasize that our decision is fact specific, but nonetheless we believe it is consonant with ERISA policy. The plaintiff, as a plan trustee, is held to the knowledge of the proper procedure for executing a waiver under the plan. There is no doubt that she fully intended to execute a valid waiver at the time she signed, notwithstanding that there may be a question as to the duration intended for the waiver. The witness requirement is for the protection of spouses who have a preferred status as beneficiaries under the plan. It inhibits forged waivers or waivers becoming effective in some way without the knowledge or consent of the spouse beneficiary. Here, plaintiff readily admits she knowingly and voluntarily executed the waiver, so the evils that the witness requirement are designed to protect against are not involved. This does not mean, however, that the plaintiff might not be able to mount a successful challenge to the waiver on other grounds.
 
 
 9
 The plaintiff alleged in her complaint that Mr. Farris told her the waiver was necessary to allow payment of debts in the event either one or both were killed while on an upcoming trip. She claims she never would have signed but for this representation. The district court, finding the waiver invalid on technical grounds, had no reason to reach this issue. The parties limited their arguments before the district court and on appeal to the technical requirements regarding witnessing. Therefore, further proceedings are required. We express no opinion on the merits of any of plaintiff's other theories offered to void the waiver.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 [1]
 The "personal secretary" named as a beneficiary was a person other than Ms. White